## FOERTSCH *v.* GERMUILLER.

SEVENTY-THIRD RULE; AFFIDAVITS.

1. The 73d rule of the Supreme Court of the District is not uncon-
stitutional, *following* Cropley *v.* Vogeler, *ante*, p. 28, and is a
salutary one, *following* Johnson *v.* Wright, *ante*, p. 216.

2. Where an affidavit under the 73d rule, in an action for the recovery
of money alleged to be due the plaintiff for services, fails to
show that the services were actually performed, he is not entitled
to a judgment under that rule, although the defendant's affidavit
be insufficient, or even if there is no affidavit of defense.

3. A statement by the plaintiff in such an affidavit that his cause of
action is a balance due him for services rendered the defen-
dant, is not the equivalent of an allegation that the services
were so rendered.

No. 202.   Submitted January 12, 1894.—Decided February 5, 1894.

HEARING on an appeal by the defendant from a judgment
of the Supreme Court of the District of Columbia, holding
a law term, under the 73d rule of that court, in an action of
*assumpsit.   Reversed.*

The COURT in its opinion stated the case as follows:

The plaintiff, Julius Germuiller, an architect, sued the de-
fendant, Mary J. Foertsch, a married woman, for compensa-
tion claimed by him to be due to him for the preparation of
plans, specifications and drawings for certain houses con-
structed for her on some lots of ground belonging to her in
the city of Washington, and which were her own separate
estate, and for architectural superintendence given by him
to the construction of these houses, in pursuance of an al-
leged contract between him and the defendant.   The decla-
ration contained both a special count and the common
counts; and appended was a bill of particulars, showing the
amount claimed under the contract to be $555, and for extra
work $40.08; and giving credit for $350 paid on account, a
net balance of $245.08, which is the sum claimed in the dec-
laration.

To this declaration there was annexed an affidavit by the plaintiff to the effect that his cause of action was the balance aforesaid due him for his professional services as architect rendered by him to the defendant at her request; that there was a contract entered into between the defendant and himself for the preparation of the required plans and specifications and for the superintendence by him of the work of construction at a specified percentage on the cost of the work; that the contract between the defendant and the builders was for an expenditure by her of $18,200; that there were extra expenditures amounting to $801.50; that he was to be paid in instalments from time to time, and in full when the work was finished; that the houses had been finished and the contractors paid in full; that he had received $350, and that there was yet due to him the sum of $245.08, the whole amount of his compensation being $595.08, over and above all set-offs and just grounds of defense.

The defendant interposed five pleas—three of them being the general issue; the fourth, an allegation of gross negligence on the part of the plaintiff in the performance of the work of supervision, notwithstanding repeated remonstrances on the part of the defendant; and the fifth, a plea of set-off or recoupment to the amount of $130, stated to have been received by the plaintiff as commissions from various persons who had contributed labor or materials to the buildings. Annexed to this fifth plea was a bill of particulars. And there was also a sixth plea, which was a plea of payment and satisfaction.

To these pleas was attached an affidavit of defense, in which the defendant denied the plaintiff's claim, and that she had ever entered into any contract with the plaintiff, or that the plaintiff had ever rendered any services to her at her request. And she alleged gross negligence by the plaintiff in the performance of his work; the receipt by him of commissions from the contractors; that the money paid to him had been paid by her husband; and that his services, if faithfully rendered, would not have been worth more than $400.

The plaintiff moved for judgment under the 73d rule of the Supreme Court of the District of Columbia, on the ground of the insufficiency of the defendant's affidavit, and the motion was allowed, and the judgment entered. From this judgment the defendant prosecuted the present appeal.

*Mr. Joseph J. Waters* for the appellant:

1. The 73d rule is in derogation of common law, and must be construed strictly against those who try to get its help. 3 Bl. Com., 330. This canon of construction can no more be gotten rid of than any other part of the common law in force in this District. And as much is required of plaintiff's affidavit as of defendant's. MacA. & Mack., 200. Otherwise the 73d rule is an unjust as well as an illegal trap. Plaintiff must have a properly expressed affidavit with his declaration, showing and proving a legal cause of action, otherwise he is not entitled to judgment nor the defendant obliged to swear to any defense. *Bond* v. *Shepherd*, 3 MacA., 367, 369 ; *James* v. *Davis*, 3 Mack., 158, 160, 161.

2. Affidavits under 73d rule are not parts of the pleadings; otherwise there would be two lines of pleading at the same time, which are not allowed by common law, reason, nor rules of court. Such affidavits are merely matters of *evidence* for a preliminary and summary proceeding. So they are open to the same objections as evidence would be, and parties using them must thereby prove a complete legal cause of action; otherwise no judgment can be legally gained. And such affidavits *must be legally authenticated;* otherwise, they are not admissible as evidence. Also, they must not be *vague*, and must have proper *conclusions*, as per the rule, *Ford* v. *Cornish*, 2 MacA., 57 to 59, *Bank* v. *Hitz*, MacA. & Mack., 200, *Ruppert* v. *Haug*, 87 N. Y., 141.

3. By analogy to what is required in attachment cases as to *qualities* of affidavits, affidavits under the 73d rule must not be uncertain, inconsistent, or incomplete as to necessary facts, but must be certain enough to sustain an indictment for perjury, if false. Merely reciting things will not be

sufficient. For all these points there are many authorities, among them the following: *Newman* v. *Hexter*, MacA. & Mack., 88; *Boulter* v. *Behrend*, 4 cases, 20 D. C., 567; *Dunnebaum* v. *Schram*, 59 Tex., 281, 286 and cases cited; *Pearce* v. *Hawkins*, 62 Tex., 435; *Ruppert* v. *Haug*, 87 N. Y., 141; *Carleton* v. *Carleton*, 85 N. Y., 313; *Evans* v. *Tucker*, 59 Tex., 249, 250 and cases cited; *Bank* v. *Hitz*, MacA. & Mack., 202; and "Amer. and Eng. Encyclopædia of Law," Vol. 1, p. 310, see as to the perjury test.

*Mr. James W. Greer* and *Mr. Edward M. Cleary* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

There are five assignments of error, based on the theory that the plaintiff's affidavit was itself insufficient; that the affidavit of defense was sufficient; that the defendant in any event was entitled to the set-off claimed by her; that the judgment being a personal judgment against a married woman was void, and that rule 73 was unconstitutional.

In the case of *Cropley* v. *Vogeler*, *ante*, p. 28, we have already affirmed the constitutionality of the rule in question; and so far as this court is concerned, we regard that question as no longer open. In the recent case of *Johnson* v. *Wright*, *ante*, p. 216, we said:

" The rule is a salutary one, and is a law to the court, as well as to suitors, as long as it remains in force. It is intended to prevent the delay of justice by the common expedient of resorting to sham or pretended defenses. It exacts nothing unreasonable from the parties."

It ought not to be difficult for parties to comply with this rule, either in the statement of a good and sufficient cause of action, or in the statement of a good defense. The rule would seem to be plain and simple enough. And yet in the present case both of the affidavits are remarkably defective and insufficient. The defendant's affidavit is inconsistent in itself, and inconsistent with the pleas; and if the decision of this controversy depended upon its sufficiency or insuffi-

ciency, we might hesitate to disturb the judgment of the court below, notwithstanding that there are in the affidavit suggestions of fact that would seem to demand the intervention of a jury. But, independently of the affidavit of the defendant, we fail to find in that of the plaintiff\* the fullness

---

\* *Plaintiff's Affidavit.*—DISTRICT OF COLUMBIA, *ss:* Before me, the undersigned personally appeared Julius Germuiller, who, being first duly sworn according to law, deposes and says:

That I am the plaintiff in the foregoing and annexed declaration and am an architect by profession, and Mary J. Foertsch is the defendant therein. My cause of action against said defendant is a balance of $245.08 due me by her for services rendered at her request in preparing plans, specifications and in superintending the building of five houses on Lots 5 and 6, Square 38, in the city of Washington, District of Columbia, said property being her sole and separate estate, acquired otherwise than by gift or conveyance from her husband. That some time late in June or early in July, A. D. 1889, Joseph C. Foertsch, the husband of the defendant and acting as her agent, employed me to make plans and specifications for the houses to be built on said lots. I prepared plans and specifications and presented them to the defendant, and she and her husband, after looking them over, concluded that the houses would cost too much, and directed me to prepare plans for cheaper houses. In accordance with such direction I prepared other plans for said houses to cost about $18,200. The plans were submitted to the defendant and by her approved, and a contract was entered into between said defendant and myself whereby it was agreed that I should prepare all necessary plans, specifications and detail drawings, and superintend the building of said houses, and that the defendant would pay me therefor as follows: $100 for the plans, specifications and drawings, 2½ per cent. of the contract price of said houses and 5 per cent. of the cost of all extra work. That by a contract in writing dated July 29, 1889, signed by said Joseph C. Foertsch, said defendant agreed with Dawson and Haislip, contractors and builders, to pay them the sum of $18,200 for erecting said houses. That upon digging the foundations the land was found to be made ground (a fact before well known to the defendant, but until that time unknown to the plaintiff), and in consequence the Building Inspector ordered that concrete foundations should be made under all house walls, involving an extra expense of $564; and in addition extra work to the value of $237.50 was ordered by the defendant and performed by the contractors. That it was understood and agreed between the defendant and plaintiff that I should be paid on account from time to time, but that whatever remained due me should be paid upon the completion of the work; and that said houses were finished about March 15, 1890, and the contractors paid in full. That the total compensation coming to me was $595.08, of which amount $350 was paid from time to time by checks of the defendant, except the first payment of $50. That by reason of the premises there is now justly due me by the defendant the sum of $245.08, with interest from March 15, 1890, over and above all set-offs and just grounds of defense. (Signed)

JULIUS GERMUILLER.

Subscribed and sworn to before me this 10th day of February, 1893. (Signed)                                    J. R. YOUNG, *Clerk.*

and sufficiency that would entitle him to a judgment under the rule. Nowhere in this affidavit does he say that he performed the services which he contracted to render. He does not say that he prepared the plans and specifications or rendered the architectural superintendence which he says he agreed to render. The most essential element in the statement of a cause of action is wanting here, and that cannot be supplied by implication, intendment, or inference. Only by inference can we assume that the plaintiff rendered any of the services which he contracted to render; and the rule contemplates positive allegation of right and not merely an inference of what the plaintiff may be supposed to intend.

The only statement in the affidavit that at all approaches an allegation that any services were rendered is in the second sentence of it, in which the plaintiff says: "My cause of action against said defendant is a balance of $245.08 due me by her for services rendered her at her request, &c., &c." But this is not the equivalent of an allegation that services had been rendered. A claim for services rendered, and an allegation that services had been rendered, are two very different things. The rule requires plain, positive assertion; and unless parties will comply with its requirements they cannot be entitled to its benefits.

Entirely regardless, therefore, of the shortcomings of the defendant's affidavit, that of the plaintiff is so insufficient that he is not entitled to judgment under it, even in the absence of any affidavit of defense. And so holding, we must regard the judgment rendered for the plaintiff by the court below as erroneous; and accordingly *we reverse that judgment, with costs, and remand the cause, to be further proceeded with in accordance with law.*